**SHAPIRO DICARO & BARAK, LLC**
*Attorneys for PNC Bank, National Association*
105 Maxess Road, Suite N109
Melville, N.Y. 11747
T: (631) 844-9611
**Shari S. Barak**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

IN RE

MUQUDDUS IJAZ

DEBTORS

CHAPTER 13

CASE NO. 15-40420

JUDGE: Nancy Hershey Lord

## OBJECTION TO THE DEBTORS' REQUEST FOR LOSS MITIGATION

PNC Bank, National Association, ("Secured Creditor") a secured creditor and mortgagee of Muquddus Ijaz, (the "Debtor"), and interested party to this Chapter 13 case, by and through its attorneys, Shapiro, DiCaro & Barak, LLC, sets forth this Objection to the Debtors' Request for Loss Mitigation (the "Objection"), with respect to the property located at 243-22 Superior Road, Floral Park, NY 11001. (the "Property") and respectfully states as follows:

### BACKGROUND

1. This Objection is submitted in response to the Loss Mitigation Request filed by the Debtors dated March 24, 2015 [*ECF #16*].

2. Secured Creditor is a secured creditor of the Debtor pursuant to a note (the "Note") executed by the Debtor on August 10, 2007, evidencing a loan to the Debtor the principal sum of $520,000.00, the Debtor, herein, as maker and the Secured Creditor, as holder.

3. To secure repayment of the Note, the Debtor granted National City Bank a mortgage, which was duly recorded in the Suffolk County Clerk's Office on September 5, 2007 in Liber M00032295, pages from 899 to 920 (the "Mortgage" and together with the Note, the "Loan"). The Loan was subsequently assigned to the Secured Creditor.

4.  On March 26, 2014, the Debtor filed a Chapter 13 Bankruptcy, Case No: 14-41419, which was dismissed on May 13, 2014. The case is annexed hereto as *Exhibit "A"*.

5.  On August 4, 2014, the Debtor filed a Chapter 13 Bankruptcy, (Case No: 14-44024) which was converted to a Chapter 7 on October 21, 2014. The case was discharged and closed on January 22, 2015. The case is annexed hereto as *Exhibit "B"*.

6.  The Debtor filed a third Bankruptcy on February 2, 2015 which is the instant case. On March 24, 2015, the Debtor filed a request to enter into the Loss Mitigation Program with respect to the Property.

7.  By way of this Objection, and for the reasons set forth herein below, the Secured Creditor seeks entry of an Order denying the Debtors' request for the Secured Creditor's participation in loss mitigation.

**PURSUANT TO 11 U.S.C. SECTION 362(c)(3)(A) THE AUTOMATIC STAY IS NOT IN EFFECT.**

8.  The Eastern District of New York adopted its Modified Loss Mitigation Program Procedures on September 9, 2011. Gen. Or. No. 582 (Sept. 9, 2011), *available at* http://www.nyeb.uscourts.gov/sites/nyeb/files/general-ordes/ord_582.pdf (the "LMPP").

9.  The LMPP set out the parameters of the Court's loss mitigation program, including the scope of loss mitigation, those parties deemed eligible for loss mitigation, and the duties of the parties to loss mitigation. The LMPP sets out specific deadlines by which parties interested in entering into loss mitigation must abide.

10. Section V of the LMPP discusses the commencement of loss mitigation. To promote an effective and efficient process, "[p]arties are encouraged to enter into the Loss Mitigation Program as early in the case as possible." Gen. Or. No. 582, Section V.

11. Pursuant to U.S.C Section 362(c)(3)(A), the stay automatically expires thirty (30) days after the filing of this case due to the dismissal of the Debtor's prior bankruptcy. Thirty (30) days after this case was filed, Debtors prior bankruptcy case number 14-41419, was dismissed on May 13, 2014. The Debtor filed this bankruptcy on February 2, 2015, within one (1) year of the dismissal of the prior case. As such, the stay expired on March 2, 2015. No Motion to Extend the Stay was filed within the requisite thirty (30) day period. As such, the automatic stay with respect to this creditor is not in effect.

12. The Debtor has been in foreclosure since 2011 due to a Mortgage default as of March 2011. The Debtor was not successful with loss mitigation in State Court. They failed to accept the trial modification.

13. As the stay is no longer in effect, the Secured Creditor may proceed with the foreclosure action in State Court and as such is no longer under the purview of the Bankruptcy Court.

14. Based on the foregoing, this Court should deny the Debtors' request to enter into loss mitigation with the Secured Creditor.

Dated: Melville, New York
April 7, 2015

SHAPIRO DICARO & BARAK, LLC

*Attorneys for PNC Bank, National Association*

By: /s/ Shari S. Barak
Shari S. Barak
105 Maxess Road, Suite N109
Melville, N.Y. 11747
T: (631) 844-9611